# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-3923 R(JC) | Date | April 6, 2015 |
|---|---|---|---|
| Title | Paul Russell Rosenberger v. Warden | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Hana Rashad | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| none present | none present |

**Proceedings:** (IN CHAMBERS) **ORDER DIRECTING PETITIONER TO UPDATE ADDRESS AND TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED**

On May 21, 2015, petitioner Paul Russell Rosenberger ("petitioner"), who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). The Petition and accompanying envelope reflect that petitioner was housed at Patton State Hospital – 3102 E. Highland Avenue, Patton, California 92369 ("address of record"). A notice issued on May 21, 2015 was sent to petitioner at his address of record which expressly advised him that the Court must be notified within fifteen (15) days of any address change, and that if mail directed to his address of record was returned undelivered and the Court was not notified within fifteen (15) days of his current address, the Court may dismiss the Petition for want of prosecution (Docket No. 2). The foregoing order was not returned and accordingly is presumed to have been delivered to and received by petitioner. However, on December 2, 2014, the Clerk sent an order to petitioner at his address of record which was returned undelivered on December 18, 2014. Pursuant to Local Rule 41-6, a party proceeding *pro se* is required to keep the Court and opposing parties apprised of such party's current address. Local Rule 41-6 further provides that if mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

**Accordingly, by not later than April 20, 2015, petitioner is ordered to notify the Court in writing of his updated address and to show cause why this Court should not dismiss this action for want of prosecution based upon petitioner's failure to notify the Court in writing of his current address. Petitioner is cautioned that the failure timely to comply with order may result in the dismissal of this action for want of prosecution and/or for failure to comply with the Court's order.**

IT IS SO ORDERED.                                    Initials of Deputy Clerk: