UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

PAUL RUSSELL ROSENBERGER,
Petitioner,
v.
WARDEN,
Respondent.

Case No. CV 14-3923 R(JC)

MEMORANDUM OPINION AND ORDER DISMISSING ACTION

On May 21, 2014, petitioner Paul Russell Rosenberger ("petitioner"), who is proceeding *pro se*, filed Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). The Petition and accompanying envelope reflect that petitioner was housed at Patton State Hospital – 3102 E. Highland Avenue, Patton, California 92369 ("address of record").

On May 21, 2014, a notice was sent to petitioner at his address of record which expressly advised him that the Court must be notified within fifteen (15) days of any address change, and that if mail directed to his address of record was returned undelivered and the Court was not notified within fifteen (15) days of his current address, the Court may dismiss the Petition for want of prosecution. (Docket No. 2). The foregoing order was not returned and accordingly is presumed to have been delivered to and received by petitioner.

On December 2, 2014, the Clerk sent an order to petitioner ("December Order") at his address of record which was returned undelivered on December 18, 2014. (Docket No. 5). Accordingly, on April 6, 2015, the assigned Magistrate Judge issued an order ("Order to Show Cause") directing petitioner, by not later than April 20, 2015, to update the address of record and to show cause why this action should not be dismissed for lack of prosecution. The Order to Show Cause, which was sent to petitioner at his address of record, also expressly cautioned that the failure timely to comply therewith might result in the dismissal of this action for want of prosecution and/or for failure to comply with the Order to Show Cause. Although the deadline to respond to the Order to Show Cause has now passed, to date, petitioner has not filed a response thereto.

Pursuant to Local Rule 41-6, a party proceeding *pro se* is required to keep the Court apprised of his current address at all times. Local Rule 41-6 provides in pertinent part:

> A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

In the instant case, more than fifteen (15) days have passed since the December Order was sent to petitioner at his address of record, and returned by the Postal Service. To date, petitioner has not notified the Court of his current address. Nor has petitioner timely responded to the Order to Show Cause.

It is well-established that a district court has authority to dismiss a plaintiff's action because of his failure to prosecute or to comply with court orders. See Fed.

R. Civ. P. 41(b); Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.), cert. denied, 506 U.S. 915 (1992). In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The Court finds that the first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The Court cannot hold this case in abeyance indefinitely based on petitioner's failure to notify the Court of his correct address. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal of action for lack of prosecution pursuant to local rule which permitted such dismissal when pro se plaintiff failed to keep court apprised of correct address; "It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not."). The third factor, risk of prejudice to respondent, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the Court's inability to communicate with petitioner based on his failure to keep the Court apprised of his current address, no lesser sanction is feasible. See Musallam v. United States Immigration Service, 2006 WL 1071970 (E.D. Cal. Apr. 24, 2006).

IT IS THEREFORE ORDERED that this action is dismissed for lack of prosecution and failure to comply with a court order and that all pending motions are denied as moot.

DATED: May 6, 2015

HONORABLE MANUEL L. REAL
UNITED STATES DISTRICT JUDGE